UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELISHA PHIPPS | § § | |
| Plaintiff, | § § | CAUSE NO. _____ |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| BASHEN CORPORATION and JANET BASHEN in her individual capacity | § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Elisha Phipps ("Ms. Phipps"), who files this Complaint against Defendants, Bashen Corporation and Janet Bashen, *in her individual capacity,* (hereafter "Defendants"), and alleges the following:

## I.
## Introduction

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq..*

2. This action seeks actual and liquidated damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for for Plaintiff Elisha Phipps ("Ms. Phipps" or "Plaintiff" or "Plaintiff Phipps"), and all others similarly situated, in the course of their employment with the Defendants.

## II.
## Jurisdiction and Venue

3. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b) because the substantial part of the events or omissions giving rise to these causes of action occurred in the Southern District of Texas.

## III.
## Parties

5. Plaintiff, Elisha Phipps, is a former employee of Defendants and resident of Houston, Harris County, Texas.

6. Defendant, Bashen Corporation is a corporation doing business in Texas and may be served with process by serving its registered agent, Business Filings Incorporated, 3050 Post Oak Blvd, Suite 510, Houston, TX 77056-6512.

7. Defendant, Janet Bashen is the owner and Director of Defendant, and may be served at 622 Voss Road, Houston, TX 77024.

8. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants, or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

9. At all material times, Defendants have been employers within the meaning of the FLSA.

10. At all material times, Defendants have collectively been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

11. At all material times, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of 3(s)(1) of

the FLSA because they have had employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

12. Defendants are a common enterprise and "joint employer" as defined by 29 U.S.C. § 203(r).

13. Defendant, Ms. Bashen, is a principal shareholder / member / owner of the named business entity Defendant.

14. With respect to the named business entity Defendant, Ms. Bashen has invested in and has an ownership interest in such Defendant and/or in the businesses owned and operated by such business entity Defendant

15. Defendant, Ms. Bashen, is involved in the day-to-day business operations of the named business entity Defendant.

16. Defendant, Ms. Bashen, is involved in setting company policies of the named business entity Defendant.

17. With respect to the named business entity Defendant, Ms. Bashen, has the authority to hire and/or fire employees of such Defendant, including managers of that Defendant.

18. With respect to the named business entity Defendant, Ms. Bashen, has the authority to direct and supervise the work of employees of such Defendant, including managers of Defendant.

19. With respect to the named business entity Defendant, Ms. Bashen, has the signing authority on the entity's checking accounts, including payroll accounts.

20. With respect to the named business entity Defendant, Ms. Bashen, has the authority to make decisions regarding employee compensation, including the compensation of managers of such Defendant.

21. With respect to the named business entity Defendant, Ms. Bashen, has the authority to make decisions regarding marketing such Defendant's businesses.

22. With respect to the named business entity Defendant, Ms. Bashen, has the authority to make decisions regarding capital expenditures.

## IV.
## CLASS ALLEGATIONS

23. Plaintiff Phipps files this case as an "opt-in" collective action, as is specifically allowed by 29 U.S.C. § 216(b).

24. The class that Plaintiff Phipps seeks to represent may be described as follows:

> **All current and former employees of each of the above named Defendants who worked as Attorney Consultants, EEO Investigators or FAD writers or other types of hourly or salaried workers: 1) who worked at any business located in Texas that was owned, operated and/or acquired by the Defendants during the class period, and 2) who claims that he or she was either (a) misclassified as exempt from overtime compensation or (b) not misclassified but did not receive all of his or her overtime pay, and seeks payment for such overtime pay.**

25. Plaintiff Phipps seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

26. The individuals choosing to opt in, referred hereto to as the "Plaintiff Class" will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

27. Plaintiff contends that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff Class.

V.
**Facts**

28. Ms. Phipps began her employment as an "Attorney Consultant" with Defendants on or around June 21, 2021.

29. While employed by Defendants, Ms. Phipps worked as an Equal Employment Opportunity (EEO) Investigator and would occasionally prepare a proposed Final Agency Decision (FAD).

30. Although Ms. Phipps has a law degree, her position as an EEO Investigator and/or FAD writer did not require her to be licensed or provide any legal advice. This is evident by the fact the position did not require her to be licensed.

31. Ms. Phipps did not have significant discretion in how the investigations were conducted, or how the FADs were written. Moreover, she was supervised, and her work was reviewed and revised by a non-attorney.

32. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

33. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action and continuing thereafter.

34. While working for Defendants, Plaintiff was required to regularly work overtime hours in excess of 40 hours during each seven-day workweek.

35. Similarly, during at least the past three years, all the employees involved in conducting EEO investigations and FAD writing, were routinely required to work in excess of 40 hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required

it and Defendants' management required it.

36. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 et seq., for which they were not paid.

37. Plaintiff and the other similarly situated employees thus sue Defendants for the unpaid overtime and straight-time wages owed.

## VI.
## Claim For Relief

38. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

39. Plaintiff Phipps and all others similarly situated are non-exempt employees.

40. Plaintiff Phipps and all others similarly situated are entitled to receive overtime pay for all hours they have worked more than 40 hours during each seven-day workweek.

41. Defendants did not pay Plaintiff Phipps overtime for the hours she worked on a weekly basis that were in excess of 40 hours.

42. Defendants have also failed to pay, and continue not to pay, the overtime wages owed to all other similarly situated employees since the beginning of the three-year period preceding the filing of this civil action.

43. As such, Defendants have violated 29 U.S.C. § 201 et seq. by failing to pay the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked more than 40 hours per week.

44. Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Plaintiff and to all others

similarly situated.

## VII
## COLLECTIVE ACTION ALLEGATIONS

45. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

46. Other employees have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate of the FLSA. As such, other similarly situated employees are being denied their lawful wages.

47. Accordingly, each Defendant's pattern and practice of failing to pay the overtime wages (at time and one-half) as required by the FLSA results from Defendants' general application of policies and practices, and does not stem from the personal circumstances of the members of the Plaintiff Class.

48. Plaintiff Phipps' experience is typical of the experience of the members of the Plaintiff Class as it pertains to compensation.

49. The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

50. All Attorney Consultants, EEO Investigators and FAD writers, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked more than 40 per week, are similarly situated.

51. Furthermore, although the amounts of damages may vary among individual employees, there is no detraction from the common nucleus of liability facts.

52. All current and former Attorney Consultants, EEO Investigators and FAD writers and non-exempt employees employed by Defendants' businesses, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime pay for hours worked more than forty (40) in any given workweek may properly be included as members of the Plaintiff Class.

## VIII
## Demand for Jury Trial

53. Ms. Phipps asserts her right and demands a trial by jury on all issues.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Elisha Phipps and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

1. Authorize the issuance of notice at the earliest possible time to all of Defendants' similarly situated employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their right to participate in this lawsuit should they so desire;

2. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period;

3. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, straight- time pay for all hours in excess of 40 worked during each seven-day work period;

4. Declare that Defendants' violations of the FLSA are willful;

5. Order Defendants to pay Plaintiff, and all others similarly situated, the difference between what they should have paid for overtime hours plaintiffs worked during the relevant period and what they were actually paid, together with an equal amount as liquidated damages;

6. Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

7. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants;

8. Order Defendants to pay actual damages, together with an equal amount as liquidated damages;

9. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff Phipps, and to all other similarly situated employees of Defendants who chose to opt in and become members of the Plaintiff Class.

Respectfully submitted,

**COVELER & PEELER, P.C.**

By:  /s/ *David J. Manley*
David J. Manley
Bar Card No. 24001593
820 Gessner, Suite 1710
Two Memorial City Plaza
Houston, Texas 77024-8261
(713) 984-8222 – Telephone
(713) 984-0670 – Fax
manley@coveler.com – Email

**ATTORNEY FOR PLAINTIFF**