United States District Court
Southern District of Texas
**ENTERED**
October 20, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ELISHA PHIPPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-01716 |
| | § | |
| JANET BASHEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendants', Bashen Corporation ("the Company") and Janet Bashen in her individual capacity, motion to dismiss and for a more definite statement (Docket No. 8). The plaintiff, Elisha Phipps, filed a response in opposition to the defendants' motion (Docket No. 9). After considering the motion, the response, the record, and the applicable law, the Court determines that the defendants' motion should be **DENIED** in all respects.

### II.   FACTUAL BACKGROUND

The defendant, Janet Bashen, is the president and chief executive officer of the Company, a human resource consulting firm based in Houston, Texas. The Company's primary business objective is to conduct discrimination, harassment, and retaliation investigations regarding claims that have allegedly occurred in a workplace environment. In addition, the Company offers training and consulting services related to Equal Employment Opportunity ("EEO") compliance for public and private entities.

In May of 2021, the Company announced an employment opportunity for the position of

Attorney EEO Investigator. According to the advertisement detailing the vacancy, the position was described as including EEO investigator and final agency decision writer responsibilities. It continued, describing the applicants as an "energetic, organized attorneys who thrive in a fast-paced environment and enjoy interfacing with colleagues and clients." Additionally, a qualified candidate must have at least one year of experience performing duties related to the position or demonstrate an interest in EEO laws, and must hold a juris doctorate degree from an accredited law school.

Soon after the position was announced, the plaintiff, who has a juris doctorate degree and a Texas Bar license, contacted the Company and expressed an interest in the opportunity. On June 7, 2021, the Company offered the plaintiff the Attorney Consultant position which included a $65,000 annual salary. During her employment at the Company, the plaintiff came to believe that her workload was excessive, especially compared to others who were outside her protected class of employees. So, as an accommodation, she requested a caseload and commensurate salary reduction. The Company responded with a modified version of her proposal, but she refused because in her opinion, the counteroffer was unreasonable and retaliatory. As a result of not coming to an agreement concerning terms and conditions, the plaintiff resigned from her employment seven months into her tenure.

On May 25, 2022, the plaintiff filed a "collective" action in this Court against the defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). The defendants filed a motion to dismiss the suit and the plaintiff, subsequently, filed an amended complaint asserting new claims for disability and for race discrimination in violation of the Rehabilitation Act and 42 U.S.C. §§ 1981 and 1983. The defendants followed up with a motion to dismiss the FLSA action and for a more definite statement.

### III.    CONTENTIONS OF THE PARTIES

The defendants contend that the claims against them should be dismissed because the FLSA does not protect the type of occupation that the plaintiff held at the Company. Specifically, they assert that the Company's Attorney Consultant position falls under either the administrative or professional employee category and, therefore, the plaintiff is not entitled to overtime wage protection. As an attorney consultant, they argue, the administration employee exception applies. It is essentially a human resource manager role charged with interpreting or implementing employment policies. Moreover, the Company argues, the professional employee exception applies because the position requires a juris doctorate degree. Furthermore, they request that the Court order the plaintiff to re-plead her §§ 1981 and 1983 claims pursuant to Rule 12(e) because the allegations in her amended complaint are vague and ambiguous.

In response, the plaintiff contends that she was a non-exempt employee which renders her eligible to receive overtime wages pursuant to the FLSA. She also argues that her employment does not qualify for the administrative employee exception because it did not involve duties related to management, business operations, or any other job descriptions stated in 29 C.F.R. § 541.200. Additionally, she asserts that the professional employee exception does not apply because the work duties did not require knowledge of an advanced field of science, or knowledge customarily acquired by a prolonged course of specialized intellectual instruction. Lastly, the plaintiff contends that she has sufficiently pled facts to place the defendants on notice of her claims; therefore, the motion to dismiss and for a more definite statement should be denied.

## IV.    LEGAL STANDARD

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) requires that a plaintiff plead facts sufficient to state a plausible cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a defendant believes a complaint is insufficient, he may move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). When considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of her claims, not whether the plaintiff will eventually prevail. *See Twombly*, 550 U.S. at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### B.  Rule 12(e)

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous and the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The motion "must point

out the defects complained of and the details desired." *Id*. The decision to grant or deny the motion is within the court's discretion. *See Crawford–El v. Britton*, 523 U.S. 574, 597–98 (1998).

## V.    ANALYSIS

The plaintiff's claims are brought pursuant to 29 U.S.C. § 207 of the FLSA, which defines a standard full-time workweek as a 40-hour work week, and any time beyond that requires employers to pay the employee at a rate of "time and a half." *See* 29 U.S.C. § 207(a). However, if an employee's job qualifies as an "administrative" or "professional" position, he or she may be exempt from FLSA overtime pay protection. *See* 29 C.F.R. § 541.200–304. To establish an exception, the employee must receive a salary at a specific minimum threshold, and the work duties must meet certain criteria. *See id*. "An employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers." *Id*. § 541.201. An employee may qualify for the professional employee exception if the primary duties include work that requires advanced education "in a field of science or learning customarily acquired by a prolonged course of specialized instruction . . . ." *See id*. § 541.300.

It is undisputed that the plaintiff's salary exceeds the minimum requirement, while the other elements' applicability are still in dispute. The record establishes, however, that the plaintiff alleges in her amended complaint that it was not her duty to perform the activities described within the administrative employee exception. In addition, she alleges that her position did not require an advanced collegiate degree to execute the tasks. In response, the defendants provided a copy of its job advertisement illustrating that qualified applicants must have a juris doctorate degree from an accredited law school. Nonetheless, that alone is insufficient to support the defendants' contentions, given that the title of the advertised position, attorney EEO investigator, and the title

of the position for which she was employed, attorney consultant, are different. She alleges that her assigned duties do not fit the requirements of the administrative or professional employee exceptions. As well, there is no evidence that the assigned position required a professional degree. Therefore, the defendants' arguments fail because the plaintiff has alleged claims for which relief may be granted.

**VI.     CONCLUSION**

Based on the foregoing analysis and discussion, the defendants' motion to dismiss and for a more definite statement are **DENIED** in all respects.

It is so **ORDERED**.

SIGNED on October 20, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge